JOHN. A. LAGERMAN v. LAWRENCE I. CASSERLY.[1]

April 30, 1909.

Nos. 16,167—(151).

**Statute of Limitations—Action Restrained by Injunction.**

The rule that, whenever a person is prevented from exercising his legal remedy by some paramount authority, the time for which he is thus prevented must not be counted against him in determining whether the statute of limitations has barred his right, applies only when such paramount authority is invoked and the restraint induced by the debtor.

**Same.**

The statutory provisions suspending the running of the period of limitation during the time the beginning of an action is stayed by an injunction or other statutory prohibition apply only between parties to the suit, and not where the injunction is granted in a suit to which the debtor is not a party.

[1] Reported in 120 N. W. 1086.

Action in the district court for Ramsey county by the receiver of the insolvent Germania Bank to enforce the collection of an assessment levied upon five shares of the capital stock of the Germania Bank, belonging to defendant. The case was tried before Olin B. Lewis, J., who made findings of fact and as conclusion of law found that plaintiff was entitled to $500. From an order denying defendant's motion for a new trial, he appealed. Reversed.

*O. E. Holman*, for appellant.

*James E. Trask*, for respondent.

ELLIOTT, J.

This was an action to enforce the collection of an assessment levied upon the stock of the Germania Bank. The defendant, Casserly, was a stockholder, and the sole question is whether the statute of limitations had run against the cause of action. The trial court found in favor of the plaintiff, and the defendant appealed from this judgment.

The facts with reference to the failure of this bank have been fully stated in previous decisions and need not be repeated. Willius v. Mann, 91 Minn. 494, 98 N. W. 341, 867; Willius v. Albrecht, 100 Minn. 436, 111 N. W. 387, 112 N. W. 862; State v. Germania Bank of St. Paul, 103 Minn. 446, 119 N. W. 61.

For present purposes it is sufficient to say that the Germania Bank became insolvent on January 4, 1897, and the appellant was then the owner of five shares of its capital stock. The bank was subsequently reorganized, but the appellant did not become a stockholder in the new bank. The reorganized bank also became insolvent in July, 1899, and Gustav Willius was appointed receiver, with power to enforce the constitutional liability of the debts of the stockholders. The appellant was not liable for any of the debts of the new bank, but was liable secondarily for the debts of the old bank, although this secondary liability could not be enforced until the liability of the stockholders of the new bank had been exhausted. Willius v. Mann, supra. The cause of action against all the stockholders of the Germania Bank accrued on July 26, 1899, when the receiver was appointed, and a proceeding to enforce the same could have been commenced at any time within six years thereafter. For this purpose two remedies were available—that provided by chapter 76, G. S. 1878, and that provided by chapter 272,

Laws 1899. The receiver proceeded under chapter 272, but through a misunderstanding of the law neglected to commence proceedings to enforce stockholder's liability within six years after the cause of action arose; and it was held in Willius v. Albrecht, 100 Minn. 436, 111 N. W. 387, 112 N. W. 862, that the statute of limitations had run against the cause of action.

The appellant in this action was liable only secondarily for the debts of the old bank, and after the decision in Willius v. Albrecht an action was commenced against him on the theory that the statute had not run, because the receiver was during a portion of the time restrained by the decision in Willius v. Mann and an order supplementary thereto made by the district court. If the time during which the order of the district court was in force is to be deducted, the trial court properly held that the statute had not run against the cause of action against this appellant. The entire proceedings were under chapter 272, Laws 1899.

In an action against certain stockholders, it was held in Willius v. Mann, on the principle which had been established in Harper v. Carroll, 66 Minn. 487, 69 N. W. 610, 1069, that the stockholders of the reorganized bank were liable primarily for the debts of the old and the new bank, and that the stockholders of the old bank were liable secondarily only for its debts, and that the remedies against the stockholders of the new bank should be exhausted before proceeding against the old stockholders. The lower court was directed to proceed in accordance with that decision rendered February 11, 1904. On May 27, 1904, the district court, on the application of the receiver and without notice to the appellant, made an order restraining the receiver "from collecting from any person secondarily liable for said assessment made on the 17th day of September, 1903, except where such person has become liable by reason of transfer of stock made subsequent to the 4th day of January, 1897, until he shall have exhausted all remedies against the persons primarily liable for or on account of said assessment, and until said court shall make and enter its further order herein to the effect that all remedies against said persons so primarily liable have been exhausted." The order discharging this restraining order was not made until March 30, 1908.

The decision in Willius v. Mann and the restraining order of the district court were made in proceedings under chapter 272, and were manifestly intended to be confined to the remedies and proceedings provided for by that statute. It was held in Willius v. Albrecht that during all this time the statute of limitations was running against the cause of action against the stockholders, because the right of action to enforce the same accrued on July 26, 1899. That right of action was not affected by the proceedings under the other statute. Willius v. Mann, like Harper v. Carroll, determined the order in which the liability of several classes of stockholders should be enforced, and the order of the district court merely restrained the receiver from collecting from any person secondarily liable for the assessments made on September 17, 1903, in the proceedings under chapter 272. Some proceeding should have been instituted against all the stockholders within six years after the cause of action arose, and thereafter proceedings to enforce the secondary liability should have been stayed until the liability of those primarily liable had been exhausted. But, regardless of all this, the restraining order of the district court did not affect the appellant, because he was not a party to the proceedings in which the order was made. Willius v. Mann was an action against certain stockholders, of which this appellant was not one. It appears that he did contribute $10 toward a fund which was used to pay the expenses of that appeal; but that fact alone is not sufficient to make him a party, and bind him as such by the decision. For certain purposes the stockholders of the corporation were in court through representation by the corporation, and in so far as the interests and affairs of the corporation are concerned they are bound by the judgment. But they are not bound as respects their individual interests, and, when sued as shareholders, they have the right to assert any defenses personal to themselves. Willius v. Mann, 91 Minn. 494, 98 N. W. 341, 867; Straw & Ellsworth Mnfg. Co. v. L. D. Kilbourne Boot & Shoe Co., 80 Minn. 125, 136, 83 N. W. 36.

The rule that, whenever a person is prevented from exercising his legal remedy by some paramount authority, the time for which he is thus prevented must not be counted against him in determining whether the statute of limitations has barred his right, applies only when such paramount authority is invoked and the restraint induced by the

debtor. A court of equity cannot read an exception into the statute of limitations, although it may under certain circumstances, acting in personam, restrain a debtor from pleading the statute. The statutory provision suspending the running of the period of limitation during the time the beginning of an action is stayed by injunction or other statutory prohibition. applies only between parties to the suit, and not where the injunction is granted in a suit to which the debtor is not a party. Sage v. Rudnick, 91 Minn. 325, 98 N. W. 89, 100 N. W. 106; 25 Cyc. 1284; Van Wagonen v. Terpenning, 122 N. Y. 222, 25 N. E. 254; Terrell v. Ingersoll, 78 Tenn. 77. The restraining order issued by the district court was obtained by the receiver upon his own application, without notice to the stockholders who would be affected thereby; that is, the receiver, for his own benefit, had himself restrained from proceeding against persons who were not parties to the action, who had no notice of the application, upon whom the order was never served, and whose interests were to be adversely affected, and he now claims that the period during which he was under this voluntarily imposed restraint should be deducted from the time during which the statute of limitations would otherwise be running against the stockholders. We think the rule thus invoked applies only when the restraint is imposed at the instance of the other party, or by the court in some proceeding to which the debtor is a party.

The order of the trial court is therefore reversed.