This action was brought to foreclose a real estate mortgage given to the plaintiff, J.L. Walrod, August 26, 1920, by John Nelson, the divorced husband of appellant, Anna Nelson, on land in Foster county. Dwight Jones was appointed guardian ad litem of the defendant, Anna Nelson, an insane person. Judgment was duly entered by default April 23, 1923. An action was brought to quiet title to the land in question in favor of Anna Nelson, through John A. Nelson, special guardian, shortly after the entry of the default judgment herein. The same was dismissed by this court after a rehearing *Page 755 
November 27, 1925. See Nelson v. Walrod, 53 N.D. 409,206 N.W. 218. Notice of motion to vacate said default judgment and to permit the defendant, Anna Nelson, to answer was served upon the plaintiff's attorney November 30, 1925. Appellant's special guardian had actual knowledge of the entry of said default judgment more than a year prior to November 30, 1925. This appeal is from the order of the trial court made March 11, 1926, denying the motion.
In 1908, defendant, John Nelson, was the husband of appellant, Anna Nelson, and being in straitened circumstances, and threatened by his creditors, made a voluntary conveyance of the land covered by said mortgage to his wife, the same being without consideration. In the month of October, 1909, she was adjudged insane. In February, 1912, while on parole from the hospital for the insane, she reconveyed the land to her husband. In June, 1914, she was adjudged restored to sanity and capacity by a decree of the county court, but in October following was recommitted to the hospital as insane. In May, 1920, the husband obtained a divorce on the ground that the wife was incurably insane. In August, 1920, Mr. Nelson executed the mortgage to plaintiff Walrod, which was foreclosed in this action. The guardian, Dwight Jones, interposed no defense on behalf of appellant, Anna Nelson. He merely filed an affidavit that he had been advised by counsel that she had no "meritorious defense."
The motion is made by Anna Nelson through her son, John A. Nelson, as special guardian. The motion is not expressly based upon § 7483 of the 1913 Compiled Laws, which provides for relief against default judgments taken against a party by reason of his mistake, inadvertence, surprise or excusable neglect. It charges fraud and connivance between Dwight Jones, appellant's guardian ad litem, and the plaintiff, Walrod. We have examined the moving papers for evidence of such fraud and connivance. We not only find no evidence of fraud and connivance, but find abundant evidence of entire good faith on their part.
The evidence shows that Mr. Jones made investigation of Anna Nelson's interest in said land and consulted James Morris, the state's attorney of Foster county; that James Morris had looked into the claim of Anna Nelson to the said land and had himself learned the *Page 756 
facts and that Attorney Morris advised Mr. Jones that Anna Nelson did not have a meritorious case. The evidence further shows that Mr. Jones was not acquainted with and did not personally know the plaintiff.
The uncontradicted affidavit of Attorney James Morris corroborates that of Mr. Jones, and further shows that Mr. Morris was acquainted with the facts of Anna Nelson's claim to the land, that in his opinion she was a mere trustee of the title for her husband; that he went over the matter several times with the sons of Anna Nelson and that they expressed themselves as not being interested in the matter and did not care to take any steps to defend their mother's rights in the land, if she had any.
Attorney Morris further states in his affidavit that after taking into consideration all of the facts as learned by him, including the indifference of Mrs. Nelson's sons, that "A successful defense of the title of Anna Nelson in and to the land was so indefinite and uncertain that it warranted giving said Dwight Jones the opinion above stated."
From the foregoing and other evidence in the case, we find that there was no fraud on the part of Dwight Jones or the plaintiff.
This brings us to the question of whether or not the motion should be granted under § 7483 of Comp. Laws.
The portion of said section applicable to the matter in hand, reads as follows:
"The court may . . . in its discretion and upon such terms as may be just at any time within one year after notice thereof, relieve a party from a judgment or other proceeding taken against him through mistake, inadvertence, surprise or excusable neglect. . . ."
It was admitted by appellant's attorney, in his oral argument before this court, that John A. Nelson, while guardian of appellant, had actual knowledge of the judgment more than a year before the motion to vacate was served upon plaintiff's attorney. Knowledge of the entry of said default judgment satisfies the requirement of said statute with respect to notice.
It is the earnest contention of appellant that the one year limitation contained in § 7483, supra, cannot be invoked in the instant case as against an insane litigant even though represented by a special guardian. *Page 757 
We are unable to agree with appellant. The general rule is to the contrary. We have examined the authorities cited by appellant's counsel and find that they do not sustain the contention. 17 R.C.L. 876, § 233, states: "The rule that the court will not read exceptions into the statute applies in the case of persons non compos mentis, it being generally held that if mental incapacity is not excepted by the terms of the limitation act, the statute will run the same as against others not expressly mentioned in the exceptions."
Appellant relies on the case of Forsyth v. Oswego, 191 N.Y. 441, 123 Am. St. Rep. 605, 84 N.E. 392, which holds that where the time within which a claimant may present his claim against a city is limited to three months, and during that time he is unable to prepare and present such claim because of his mental and physical condition, he must present his claim within a reasonable time after the disability is removed. The reason for the above rule is because the law does not seek to compel that which is impossible. Walden v. Jamestown, 178 N.Y. 213, 70 N.E. 766, 16 Am. Neg. Rep. 171.
In the case at bar appellant's special guardian knew of the entry of the default judgment more than a year before the notice of motion to vacate was served upon plaintiff's counsel. The reason for the rule in Forsyth v. Oswego, supra, does not exist in the case at bar. There being no exception contained in the limitation statute under consideration, we feel that none should be created by judicial construction. Public policy demands that judgments should become final at the expiration of the period of limitation contained in the statute.
The appellant also contends that the time consumed by the pendency of the case of Nelson v. Walrod, et al., should be deducted from the period of the statute of limitations applicable to the case at bar. Appellant has cited no authority for such a rule. 17 R.C.L. 870, § 228, does not sustain appellant's contention; on the contrary, it sustains the rule announced in Nevitt v. Bacon, 32 Miss. 212, 66 Am. Dec. 609, viz.:
"Party cannot deduct from period of statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have said matter adjudicated, but which was dismissed without prejudice to him."
We are satisfied upon reason as well as authority that time *Page 758 
consumed by the pendency of the case of Nelson v. Walrod should not be deducted from the period of the statute. See 17 R.C.L. 822, § 229; Lagerman v. Casserly, 107 Minn. 491, 131 Am. St. Rep. 506, 120 N.W. 1086; and Hunter v. Niagara F. Ins. Co. 73 Ohio St. 110, 3 L.R.A.(N.S.) 1187, 112 Am. St. Rep. 699, 76 N.E. 563, 4 Ann. Cas. 146.
This disposes of the contentions of the appellant, which are decisive of this appeal. The order of the trial court is accordingly sustained.
Order affirmed.
CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL, and BURKE, JJ., concur.
JOHNSON, J., did not participate; Honorable H.L. BERRY of Sixth Judicial District, sitting in his stead.
 On Petition for Rehearing.