**COMMERCIAL EQUITY CORPORATION, a Colorado Corporation et al., Plaintiffs–Appellants,**

v.

**MAJESTIC SAVINGS AND LOAN ASSOCIATION, a Colorado Corporation et al., Defendants–Appellees.**

**No. 80CA0319.**

Colorado Court of Appeals, Div. I.

Nov. 13, 1980.

Snyder, Neuman & Enwall, P. C., Paul Snyder, Jr., Boulder, for plaintiffs–appellants.

Baker & Hostetler, Bruce D. Pringle, Denver, for defendants–appellees.

COYTE, Judge.

On June 4, 1979, plaintiffs initiated this action asserting 9 claims for relief. Plaintiffs appeal from a summary judgment entered in favor of defendants. We affirm.

The trial court granted defendants' motion for summary judgment on the grounds that the applicable statute of limitations barred all plaintiffs' actions: damages for wrongful foreclosure, tortious interference with contractual rights, conversion, abuse of process, malicious prosecution, libel and slander, tortious interference with prospective business advantage, outrageous conduct, and reckless disregard for plaintiffs' rights. The trial court also ruled that the actions alleged by plaintiffs in the claim for libel and slander are absolutely privileged, and that plaintiffs' claim for malicious prosecution failed to state a claim. Plaintiffs contend that the court erred on all grounds. We shall consider only the issue of the statute of limitations and the facts relative thereto, as the resolution of that issue is dispositive of the case.

Plaintiffs sued defendants for damages as a result of alleged actions by defendants which occurred during the period from March 1973 through May 1973. All the allegations in the complaint filed June 4, 1979, refer to specific conduct by defendants which occurred prior to June 1, 1973.

There is nothing in the record to indicate that plaintiffs could not have maintained each of their claims for relief as early as June 1, 1973. Thus, their causes of action accrued as of that date and the trial court properly found that all plaintiffs' claims are barred by the applicable six–year statute of limitations, § 13–80–110, C.R.S. 1973. *See*

**58**

*Owens v. Brochner*, 172 Colo. 525, 474 P.2d 603 (1970).

■ Plaintiffs contend that their claim for wrongful foreclosure is governed by a 15–year statute of limitations, § 38–40–114, C.R.S. 1973. This statute, however, is inapplicable here because it applies only to suits "to question or to set aside any purported foreclosure". Plaintiffs do not question or seek to set aside this "purported foreclosure"; rather, they seek monetary damages for a wrong against them in the initiation of the foreclosure proceedings.

■ In the alternative, plaintiffs argue that the statute of limitations was tolled during a period in which the property was in receivership from May 16, 1973, until August 4, 1978, because the receivership constituted a legal disability. A receivership, however, is not one of the disabilities enumerated in § 13–80–116, C.R.S. 1973 (1979 Cum.Supp.). Rejecting plaintiffs' contention that the receivership tolled the statute of limitations, we also reject their estoppel claim that the alleged actions by the defendants in initiating the receivership prevented the plaintiffs from filing suit within the six–year statute of limitations.

■ Plaintiffs lastly contend that an action they initiated on May 14, 1973, for injunctive relief and damages tolled the running of the statute of limitations with respect to this case. That action, however, was dismissed, and we would agree with the court in *Walrod v. Nelson*, 210 N.W. 525, 54 N.D. 753 (1926) that a "[p]arty cannot deduct from period of statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have said matter adjudicated, but which was dismissed without prejudice to him." Plaintiffs' contentions do not present any genuine issues of material fact so as to preclude summary judgment.

Judgment affirmed.

PIERCE and RULAND, JJ., concur.