## JAMES D. SHEARER v. B. R. CHRISTY.[1]

### February 16, 1917.

### Nos. 20,126—(257).

**Insolvent corporation — constitutional liability of stockholder — when it accrues.**

The cause of action against a stockholder in a domestic corporation arising out of the so-called "double liability" imposed by the state Constitution accrues, so as to set the statute of limitations running, when the corporation is declared insolvent and a receiver appointed to wind up its affairs. Under the rule stated the demurrer to the complaint should have been sustained, for it clearly appears from its allegations that more than six years elapsed between the time the receiver was appointed and the time this action was commenced.

Action in the district court for Hennepin county by the receiver of Minnesota Title Insurance & Trust Company, insolvent, to recover $3,875, the amount of an assessment of $50 per share ordered by that court on May 27, 1915, upon 77½ shares of capital stock of the insolvent corporation owned by defendant. From an order, Molyneaux, J., overruling a demurrer to the complaint, defendant appealed. Reversed.

*Robertson & Bonner,* for appellant.

*Brooks & Jamison* and *L. B. Byard,* for respondent.

[1]Reported in 161 N. W. 498.

HOLT, J.

In the order overruling the demurrer to the complaint the trial court certified the question involved as doubtful and important, thus permitting an appeal.

The only claim in support of the demurrer is that the complaint discloses the action to be barred by the statute of limitations. Plaintiff is receiver of the Minnesota Title Insurance & Trust Company, a corporation, duly organized October 1, 1885, under chapter 107, p. 133, Laws 1883. The state public examiner, on March 26, 1907, deeming the corporation insolvent, on relation of the state, instituted an action against it for the sequestration of its property and the appointment of a receiver; and therein plaintiff was, on the same day, appointed such receiver and duly qualified and has ever since continued to act as such. When the insolvency occurred defendant owned 77½ shares of the capital stock of the corporation, of the par value of $100 each. All the property and assets of the corporation have now been converted into money and all disbursed to the proper parties, except a sum of $6,764.09 in the hands of the receiver. But a balance of over $32,000 of the claims of creditors, proved and allowed, is yet unpaid. Upon a petition, duly presented by the receiver to the court on February 2, 1915, a hearing upon due notice was had, as provided in section 6645, et seq., G. S. 1913, and on May 27, 1915, the court made and filed an order assessing $50 on each share of outstanding stock of the corporation and against the person or party liable as a stockholder therefor, to be paid to plaintiff within 30 days after notice of the order, and directing plaintiff to sue and collect from any one who failed to pay such assessment. Defendant was served with due notice but failed to pay. After the expiration of 30 days from such notice, this action was brought to recover the amount of the assessment against defendant, namely, $3,875.

Plaintiff's position is that the cause of action did not accrue until the court ordered the assessment; while defendant maintains that it accrued when the insolvency was declared and the receiver appointed. If defendant's contention be correct, manifestly the demurrer is well taken, for there is no uncertainty in the allegations as to the date when the insolvency took place, or when the assessment order was made.

The argument of plaintiff proceeds on the theory that the superadded

or "double" liability of stockholders in insolvent domestic corporations can now be enforced only under sections 6645-6651, G. S. 1913 (essentially the same as chapter 272, p. 315, Laws 1899, in respect to the necessity and effect of an order of the court assessing shares of stock upon the liability fixed in the state Constitution, and the persons upon whose initiative the court moves) and since, as a condition precedent to the enforcement of such liability, there must be procured from the court an order assessing or fixing the amount, the cause of action thereon does not accrue until such assessment is made wherein the time and amount of payment is fixed. It is said this court has held the act mentioned analogous to the National Banking Act (Straw & E. Mnfg. Co. v. L. D. Kilbourne B. & S. Co. 80 Minn. 125, 83 N. W. 36), and under the latter act the Federal decisions hold the cause of action on the stockholder's superadded liability does not accrue, so as to set the statute of limitations running, until an assessment is made by the comptroller or the court (Rankin v. Barton, 199 U. S. 228, 26 Sup. Ct. 29, 50 L. ed. 163; King v. Pomeroy, 121 Fed. 287, 58 C. C. A. 209), referred to with approval in Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. ed. 1163. Attention is also called to the history of the legislation giving the procedure for enforcing the constitutional liability of stockholders in favor of the creditors of insolvent corporations, which has resulted in taking away the right of the individual creditor to so proceed and vesting the same exclusively in the receiver under said chapter 272, p. 315, Laws 1899, now condensed and systematized as sections 6645, et seq., G. S. 1913; arguing therefrom an intention to frame a law similar to the National Banking Act, to be construed and applied in like manner. Much is also made of the fact that, by R. L. 1905, chapter 76, G. S. 1878, was repealed, under section 17 of which a creditor, at any time after declared insolvency, or after execution returned unsatisfied, could bring suit to enforce the double liability placed on stockholders in domestic corporations by the Constitution, so that now, it is said, the objection held insuperable in Ueland v. Haugan, 70 Minn. 349, 73 N. W. 169, to adopting the same construction given by the Federal courts to the National Banking Act, has vanished, as has also the ground upon which it was held in Willius v. Albrecht, 100 Minn. 436, 111 N. W. 387, 112 N. W. 862, that the statute began to

run when the insolvency took place. Another argument against holding that the cause of action accrues upon the establishment of insolvency by the appointment of a receiver is that the procedure under said sections 6645, et seq., permits successive assessments.

These arguments, and many others, were nearly all made and met in Willius v. Albrecht, supra. It is true, the facts in that case occurred when both chapter 76, G. S. 1878, and chapter 272, p. 315, Laws 1899, were in force, and the syllabus reads:

"The two remedies being concurrent, the statute of limitations commenced to run against the cause of action at the time when either remedy became available for the enforcement of the cause of action."

If this is taken to be the basic ground for the decision, it might give rise to an unwarranted inference, as for instance in 1 Dunnell, Minn. Dig. § 2150, where the case is taken as determining that since the repeal of chapter 76, G. S. 1878, a stockholder's superadded liability does not accrue until after an assessment is made. But we believe the decision is rested upon the proposition that the procedure under chapter 272, p. 315, Laws 1899 (sections 6645, et seq., G. S. 1913), is but a remedy and constituted no part of the cause of action. The liability placed upon stockholders in domestic corporations by the Constitution is self-executing. It attaches as soon as the relation of stockholders is assumed; it can neither be extended nor curtailed by the remedy; and it stands as a surety for corporate debts. When the corporation is declared insolvent and goes into the hands of a receiver all corporate debts mature, and the stockholder's liability as surety becomes fixed as of that date for whatever deficiency then exists. The cause of action then accrues (Hunt v. Doran, 92 Minn. 423, 100 N. W. 222), although it may take some time to ascertain the exact amount. How this is to be ascertained and the cause of action enforced belongs to the remedy. Right of action and cause of action are plainly distinguished in the opinion, and the conclusion arrived at that the order of assessment there made did not create nor give rise to a cause of action, for that arose when the insolvency was declared and the receiver was appointed, from which time also the statute of limitations began to run. In the *per curiam* opinion, on the application for a rehearing, it is seen that the court distinguished, and properly so, between the liability imposed upon stockholders by the Con-

stitution and their liability upon stock subscriptions, which distinction is a determining factor as to when the cause of action accrues on either. The former the Constitution creates for the benefit of the creditors, and the latter depends upon the agreement between the stockholders and the corporation, which agreement survives the insolvency and must be enforced by the receiver or court according to its terms. The same principle governs assessments against members in mutual companies, whose liability may not accrue until assessments are made in conformity to by-laws which regulate the rights and duties of the members. We are aware that all courts have not reached the same conclusion as did this court in the Willius case, and in that of Lagerman v. Casserly, 107 Minn. 491, 120 N. W. 1086, 23 L.R.A.(N.S.) 673, 131 Am. St. 506, which in a measure strengthens the former; but the following authorities sustain the rule we have adopted, viz: Bennett v. Thorne, 36 Wash. 253, 78 Pac. 936, 68 L.R.A. 113; McDonnell v. Alabama Gold Life Ins. Co. 85 Ala. 401, 5 South. 120; Hunting v. Blun, 143 N. Y. 511, 38 N. E. 716; and Bronson v. Schneider, 49 Oh. St. 438, 33 N. E. 233.

In Willius v. Albrecht, 100 Minn. 436, 111 N. W. 387, attention is called to cases where the cause of action accrues so as to start the statute of limitations, yet a suit at law may not be maintained until after a preliminary order or leave of court is obtained, as for example a suit on a statutory bond. Ganser v. Ganser, 83 Minn. 199, 86 N. W. 18, 85 Am. St. 461. On petition for a rehearing in the Willius case, the point was made that chapter 272, p. 315, Laws 1899. was intended as an extension of the statute of limitations in respect to the enforcement of stockholder's double liability. The court evidently considered the matter, for it was said: "It seems to us that it would be a forced construction to hold that the statute intended to engraft an exception upon the statute of limitations." And why should such an intention be imputed either upon legal or practical grounds? From the time the insolvency is judicially declared by the appointment of a receiver, he, or any creditor of the corporation, is free to petition the court to make an assessment upon the stockholder's double liability. Surely the time of six years is adequate within which to perfect the right to sue upon the accrued cause of action. It ought not to take a very long time after the insolvency to ascer-

tain the financial status of the corporation and determine, with a sufficient degree of accuracy, the probable deficiency for which the assessment should be made. No great risk of injury to the stockholders will result from making the assessment ample, for the statute makes provision for a return of any excess collected from them. It is the policy of the law to wind up insolvent estates speedily, not only in the interest of creditors, but stockholders as well. It is manifest injustice to permit liability to hang over stockholders for years awaiting the determination of some long drawn out litigation in the dissolution proceedings, which, instead of decreasing their liability, may add greatly to it by way of generous receivers' and attorneys' fees and costs, not to mention the strong probabilities that years of delay will serve to shift unjustly the burden among the stockholders themselves because of death and changing financial responsibility. The stockholder has no way of speeding a determination of his liability. It is wholly with the receiver and creditors. It is not to be presumed that the courts will delay matters by refusing an assessment upon a fair showing of the necessity therefor. We think the rule adopted in this state as to when the cause of action upon the stockholder's superadded liability accrues is sound and should be adhered to. This seems also to be the rule of the Federal Supreme Court, in cases not controlled by the National Banking Act. Carrol v. Green, 92 U. S. 509, 23 L. ed. 738. We do not think the statement found in Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. ed. 1163, to the effect that the action therein did not accrue until the order of assessment was made, should be followed. It would necessarily result in overruling Willius v. Albrecht for the proceedings in both cases were the same, and the order of assessment in each case was made before the repeal of chapter 76, G. S. 1878, and after the enactment of chapter 272, p. 315, Laws 1899. The remark made in the Bernheimer case was clearly *obiter*, for the decision was squarely placed upon the ground that the New York statute of limitations pleaded as a defense was applicable only to stockholders in New York corporations, whereas the suit was brought by the receiver of a Minnesota corporation against Bernheimer, one of its stockholders residing in New York. The only case cited to sustain the statement made was King v. Pomeroy, 121 Fed. 287, 58 C. C. A. 209, involving stockholder's liability under the National

Banking Act, enforced, to be sure, not by the comptroller, but in a chancery suit.

We conclude that the complaint clearly discloses the cause of action barred by the statute of limitations.

Order reversed.

HALLAM, J. (dissenting).

I dissent. This court held in Willius v. Albrecht , 100 Minn. 436, 442, 111 N. W. 387, that under chapter 272, page 315, Laws 1899, "the right of action to enforce the individual liability of stockholders does not arise until the court has made an order determining the necessity for resorting to such liability, the amount to be paid by each share of stock, and assessing the stock therefor." The Albrecht case was decided on the assumption that that was the proper construction of that statute, and the statute of limitations was held to have run solely because there had existed for more than six years another remedy or right of action under chapter 76, G. S. 1878, a statute which has since been repealed. Or as stated in the syllabus in the Albrecht case, the theory of that decision was that, the "two remedies being concurrent the statute of limitations commenced to run against the cause of action at the time when either remedy became available for the enforcement of the cause of action."

The United States Supreme Court in Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. ed. 1163, in construing the same statute took what seems to me the same view as this court did in the Albrecht case. What is said on that subject in the Converse case does not seem to me to be *obiter dictum.* True the question before the court was whether the New York statute of limitations had run, but the time when it commenced to run was determined by the Minnesota statute of 1899, and it was held [p. 534] that under that statute "the cause of action did not accrue until the receiver could sue upon the assessment after the stockholders had failed to pay as required by the order of the Minnesota court." This seems to me the correct construction of this statute. A cause of action does not accrue until the holder of the right "is enabled to commence proceedings to enforce his rights." Everett v. O'Leary, 90 Minn. 154, 95 N. W. 901; Willius v. Albrecht, 100 Minn. 436, 443, 111 N. W. 387, 112 N. W. 862. This receiver could not commence proceedings to

enforce his right against this stockholder until the court after litigation had adjudicated upon the necessity of resort to stockholders and made an assessment accordingly. This adjudication is not in the same class as orders granting leave to sue on a bond, which need not even be alleged in plaintiff's pleading. McCollister v. Bishop, 78 Minn. 228, 80 N. W. 1118. This order is a final order affecting a substantial right. London & N. W. A. M. Co. v. St. Paul P. I. Co. 84 Minn. 144, 86 N. W. 872.

The court may, on application by the receiver for an assessment against the stockholders, deny the application on the ground that necessity of resorting to the stockholder's liability has not yet been made to appear; or it may under the statute, as it did in this case, make a first assessment of 50 per cent of the stock liability. Surely it could not be then contended that there would be a present right to enforce liability for any amount not assessed. Yet if the majority opinion prevails, the statute of limitations is continually running against the right to ever enforce that liability.

In my opinion the order of the trial court should be affirmed.