## IN RE DISSOLUTION OF FIRST STATE BANK OF CORRELL.
### G. F. CASHMAN v. OTTO BREMER.[1]

November 10, 1939.

No. 32,172.

[1]Reported in 288 N. W. 709.

*G. F. Cashman* and *William C. Green,* for appellant.
*Richard Converse,* for respondent.

JULIUS J. OLSON, JUSTICE.

Cashman (referred to in the pleadings as petitioner) appeals from an order denying his blended motion for amended findings or a new trial. We shall refer to the parties as plaintiff and defendant and to the involved pleadings as complaint, answer, and reply.

Plaintiff, a judgment creditor of the First State Bank of Correll, in August, 1937, instituted proceedings pursuant to 2 Mason

Minn. St. 1927, § 8025, to have the court order an assessment against the stockholders of the bank. He alleged that the bank was closed March 3, 1933, since which date it "has transacted no banking business of any nature"; that on March 19, 1934, it was "duly dissolved" by a court of competent jurisdiction and a receiver appointed, who as such is in its charge for "liquidation and dissolution"; that when the order of dissolution was entered "said bank possessed no assets whatsoever," and that the receiver has "no assets to pay the claims of creditors"; that one Thompson is also a judgment creditor, whose judgment amounts to $2,130.33 and was entered April 4, 1934. Plaintiff's judgment amounts to $2,273.74 and was entered March 14, 1934. Both judgments were filed and duly allowed in the receivership proceedings, but no payment has been had thereon nor can any be made except by enforcement of stockholders' liability. Defendant is the sole owner of the bank's capital stock, having been a controlling owner prior to the bank's closing and having since acquired all remaining shares. Defendant's answer sought to avoid imposition of any assessment upon the claim of an equitable setoff. Plaintiff's reply put this in issue.

At the trial and before any testimony was taken defendant objected "to a hearing on the petition" on the ground that it appeared from the same that the statute of limitations had run against the enforcement of stockholders' liability, citing and relying upon 2 Mason Minn. St. 1927, § 8028, as amended by L. 1931, c. 205, § 2, 3 Mason Minn. St. 1938 Supp. § 8028. The cause went to trial and findings were made wherein the court sustained defendant on both issues. Plaintiff's appeal challenges each thereof. Either issue, if sustained by the record, is obviously sufficient to sustain the conclusion reached by the court.

The statute as amended reads:

"Upon expiration of the time specified in the order for the payment of assessments, the assignee or receiver shall commence action against every party so assessed and failing to pay, wherever he or any property subject to process in such action is found,

unless he shall report to the court that he believes such stockholder to be insolvent, or that the expenses of the prosecution will probably exceed the amount likely to be collected, in which case the court, unless satisfied to the contrary, shall *order action suspended as to such party, provided that no action shall be commenced to collect the amount of any such assessment, unless commenced within two years after the insolvency of the corporation, and the appointment of a receiver or assignee, or in the event that the insolvency of such corporation, and the appointment of such receiver or assignee occurred more than eighteen months prior to the passage of this act then within six months after the passage of this act.*" (The italicized portion is the 1931 amendment.)

■ Plaintiff contends that there must be a judicial determination of insolvency before the quoted statute will begin to run. In Miller v. Ahneman, 183 Minn. 12, 235 N. W. 622, there is found a thorough discussion of this problem. In that case as in this a receiver had been appointed, although there had been no judicial pronouncement of insolvency. But, the court said (183 Minn. 17, 235 N. W. 624), "upon the record before us the only ground upon which a receiver could properly be appointed in this case was insolvency of the corporation." And that is the situation here. Plaintiff's complaint so alleges, it is not questioned by defendant, and the court has so found. This court in the cited case held that the appointment of a receiver was a sufficient judicial declaration of insolvency, and that the statute commenced to run from the time of that appointment. In Shearer v. Christy, 136 Minn. 111, 161 N. W. 498, the question was whether the statute of limitations was set running by the fact of insolvency or by the order for assessment. This court held that the order of assessment was not necessary to start the statute running.

The case of In re Liquidation of Peoples State Bank, 197 Minn. 479, 482, 267 N. W. 482, is an even stronger authority for sustaining the trial court's holding. There the bank had turned over all its assets to another bank which assumed and agreed to pay and discharge all debts and obligations of the former. No re-

ceiver had been appointed, nor had there been any judicial declaration of insolvency, though the transfer of assets had been approved by the state banking commissioner. We there said (197 Minn. 482, 483, 267 N. W. 483):

"It is well settled in this state that the statute of limitations starts running against stockholders' constitutional liability of a corporation from the date it goes into the hands of a receiver. * * * And it seems to us that when such a corporation as a bank, which can function only publicly in a designated city or village, closes its doors and ceases to operate as a bank, the statute of limitations begins to run against the constitutional liabilities of its stockholders."

In the instant case the Correll bank transferred its assets to Farmers & Merchants State Bank of Appleton in March, 1933, and actually ceased to do any banking business at that time. A receiver was appointed and a judgment of dissolution entered in March, 1934. Clearly, in view of the above authorities, it cannot be denied that the statute had begun to run by that time. Plaintiff's proceeding for assessment was not commenced until August, 1937, more than three years after the appointment of a receiver and more than four years after the transfer of the bank's assets. As we have seen, the statutory limit is two years. So, on the merits, plaintiff's cause is subject to the statutory bar.

Plaintiff's next point is that even if the statute of limitations has run against the right to enforce the assessment yet it is a defense (1) that defendant has waived by answering without raising that issue; and (2) that in any event it is not available to him in this proceeding because the order is not a final one on the question of stockholders' liability. In this behalf he cites and relies upon McCabe Bros. Co. v. Farmers G. & S. Co. 172 Minn. 33, 214 N. W. 764.

It is true that the proceeding by virtue of which the court's jurisdiction was here invoked is limited in its scope and purpose to what the statute provides. 2 Mason Minn. St. 1927, § 8026. As stated in the cited case (172 Minn. 34, 214 N. W. 765):

"Upon the hearing in such proceeding the court is required to receive and consider such evidence * * * as may be presented upon the following points: * * *

" '1. The nature and probable extent of the indebtedness of the corporation;

" '2. The probable expense of the receivership;

" '3. The probable amount of available assets;

" '4. *The parties liable as stockholders, the nature and extent of the liability of each, and their probable solvency or responsibility.'* " (Italics supplied.)

The next section, 8027, provides that "such order shall be conclusive as to all matters relating to the *amount, propriety, and necessity* of the assessment." (Italics supplied.) In the cited case the question involved was whether the appealing defendant was a stockholder. The court said (172 Minn. 34, 35, 214 N. W. 765):

"A finding as to who the stockholders actually are is beyond the scope of the proceedings. That question is to be determined in the action brought against the individual to collect the assessment * * * He is not called upon, nor can he, in the summary proceedings litigate these questions. The evidence as to appellant's being a stockholder was admissible only for the limited statutory purposes. Consequently the finding is beyond the scope of the inquiry, and cannot in the future be regarded as res adjudicata."

What this court was there considering and determining was the limited purpose there mentioned. If it had appeared, as it does here, that the statute of limitations had run against all stockholders and the court had so found and had dismissed the proceeding, it is not likely that we would reverse. Where, as here, the running of the statute has been clearly established so that it constituted a bar to the imposition of this liability, it would seem that the court could and should with "propriety" say that there was no "necessity" for an order directing the enforcement of such assessment.

■ It is also true, as contended by plaintiff, that the original answer of defendant did not plead the statute. He relied upon the fact that it appeared from the face of the complaint that the statute had run and sought to take advantage of that situation by objecting to the introduction of any evidence on the ground that the complaint failed to state a cause of action. Plaintiff, after the submission of his cause, asked and was granted leave to strike from his complaint the allegations of the first paragraph thereof. Defendant thereupon promptly moved for leave to amend his answer to plead the statute. That motion too was granted. Therein he set forth in substance and effect the same allegations as plaintiff had moved to strike from his complaint. The court having granted that motion so as to have the pleadings conform with the proof, a matter that was clearly within its discretion, we can see no harm resulting to anyone. We should constantly bear in mind that "the law is a practical science, having to do with the affairs of life," and that "any rule is unwise if, in its general application, it will not, as a usual result, serve the purposes of justice." 5 Dunnell, Minn. Dig. (2 ed.) § 7498a, and cases under note 38.

Order affirmed.

MR. JUSTICE LORING took no part in the consideration or decision of this case.