# HENRY KNIPPLE v. JOHN LIPKE.[1]

November 7, 1941.

No. 32,956.

*Gage & Rheinberger,* for appellant.
*O'Hara & Sheran,* for respondent.

[1]Reported in 300 N. W. 620.

JULIUS J. OLSON, JUSTICE.

This was an action to enforce stockholders' liability. Defendant's motion for judgment on the pleadings was granted, judgment entered, and plaintiff appeals.

The only question presented is whether the limitation provided by Mason St. 1940 Supp. § 8028, is conclusive against plaintiff upon the facts pleaded. The limiting proviso reads:

"provided that no action shall be commenced to collect the amount of any such assessment, unless commenced within two years after the insolvency of the corporation and the appointment of a receiver."

Plaintiff concedes "that the two-year limitation commenced to run from February 26, 1938, the date of the appointment of the receiver," but in avoidance claims that by reason of "the delay caused by restraint in perfecting the condition precedent to the action for stock assessment which is the basis of the plaintiff's contention" the statute has been tolled or suspended. He invokes the long established and well recognized rule stated in St. P. M. & M. Ry. Co. v. Olson, 87 Minn. 117, 120, 91 N. W. 294, 296, 94 A. S. R. 693:

"Whenever a person is prevented from exercising his legal remedy by some *paramount authority*, the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitation has barred his right, even though the statute makes no specific exception in his favor in such cases." (Italics supplied.)

In that case plaintiff claimed title to the land in controversy by virtue of its land grant. Defendant had entered into possession and had made application to enter it as a homestead under the federal homestead law. His application was denied, but by successive appeals he kept the matter in litigation in the land department for 11 years. That contest was decided in plaintiff's favor. The basis for holding that the 11-year contest period could not be

used by defendant in establishing the 15-year limitation in respect to adverse possession under the state law was that (87 Minn. 117, 91 N. W. 295, 94 A. S. R. 693):

"The law * * * commits, in the first instance, all matters affecting the disposition of public lands of the United States, and the adjustment of all private claims thereto, and grants therefor under congressional legislation, to the general land office, under the supervision of the secretary of the interior; and *while such matters are pending and undetermined in such department the courts have no jurisdiction thereof.*" (Italics supplied.)

Another case upon which plaintiff relies is United States v. Wiley, 11 Wall. 508, 513, 20 L. ed. 211, 213. In that case the question of the suspension of the statute of limitations arose by reason of the Civil War between the states of our Union. The court held that "the effect of the war was to suspend the running of the statutes of limitation during its continuance [and was applicable], in suits between the inhabitants of the loyal States and the inhabitants of those in rebellion."

Another case is Weaver v. Davis, 2 Ga. App. 455, 462, 58 S. E. 786, 789, where, as here, the statute was without exceptions. The court in passing upon the statute there relied upon by defendant said that "it is a general rule that limitation laws are subject to no exceptions, unless expressly provided. Notwithstanding this rule, a limited class of exceptions *not provided by statute, but arising out of invincible necessity,* are universally recognized." (Italics supplied.)

Many other cases are cited, but we think the three to which we have referred are illustrative of the exceptions to the general rule. Clearly, then, to bring himself within any of the exceptions, plaintiff must show that he was prevented from timely procedure in this suit "by some paramount authority" or by situations "arising out of invincible necessity." What plaintiff relies upon here is that some of the stockholders had appeared in the proceedings (the pleadings do not show that defendant was one of them) and

that much delay occurred; also that the court withheld decision over a period of about six months. Either of these delays, so it is claimed, amounted to a suspension of the statute sufficient in point of time to bring the present suit within the statutory limit. He points out that on March 19, 1938, there was an order made limiting the time for creditors to file claims in the receivership to September 24. On April 25, certain creditors filed their joint claim amounting to $4,550. On May 4, 1938, plaintiff applied for an order for stock assessment of 100 per cent, asserting that the assets of the receivership estate were negligible and that stockholders' liability had to be enforced. On June 25, certain objecting stockholders appeared and by petition requested the court to continue the hearing until July 23. That application was granted. On July 23, the court issued an order that the hearing on the assessment would take place on the same date as that for hearing upon the validity of the claim filed. Counsel for plaintiff and the objecting stockholders agreed that they would file a stipulation of facts and furnish briefs. There was no time set within which these should be filed. There the matter rested until June 13, 1939, when plaintiff made a motion for an order setting a time for the filing by the objecting stockholders of such stipulation and briefs. Before the date set for the hearing on the motion, counsel for the objectors complied, and the matter was submitted to the court on June 30. Not until January 2, 1940, was the court's order made allowing the creditors' claim and directing an assessment upon the stockholders as prayed for. Thereby they were required to pay the assessment within 60 days from that date. Plaintiff was directed to sue each stockholder who failed to pay. The present action was commenced April 9, 1940, obviously beyond the two-year period fixed by statute.

The questions here presented are (1) whether the filing of the objections by the objecting stockholders and the continuances had suspended the statute of limitations as to all or any of them, and (2) whether the court's delay in making its order for assessment should be considered sufficient ground for suspending the statute.

Plaintiff's position, then, may be thus summarized: If either or both of these delays can be said to be such as prevented him "from exercising his legal remedy by some paramount authority" or that some "invincible necessity" had arisen, the present suit is not barred.

Defendant's liability as a stockholder is based upon Minn. Const. art. 10, § 3, as it was prior to the 1930 amendment. As amended, so far as here material, it now reads:

"The Legislature shall have power from time to time to provide for, limit and otherwise regulate the liability of stockholders or members of corporations * * * however organized."

Pursuant to the authority thus granted, the legislature by L. 1931, c. 205, § 2 (Mason St. 1940 Supp. § 8028), enacted the limitation heretofore quoted, and by L. 1931, c. 210 (Mason St. 1940 Supp. §§ 7465-1 and 7465-2), provided that "no stockholder or member of any corporation * * * however or whenever organized, * * * shall be liable for any debt of said corporation," but "this act shall not affect any existing liability." The debts sought to be enforced in these proceedings were created prior to the date of the 1931 laws.

That the liability of a stockholder attaches as soon as that relationship is assumed has long been the law of this state. That follows because under the former constitutional provision the liability "stands as a surety for corporate debts." And the moment "the corporation is declared insolvent and goes into the hands of a receiver all corporate debts mature"; hence "the stockholder's liability as surety becomes fixed as of that date." The cause of action accrues at that moment "although it may take some time to ascertain the exact amount" of the liability. The manner of its ascertainment as well as the procedure to make the cause of action effective obviously "belongs to the remedy." The order for assessment of stockholders does "not create nor give rise" to a new cause of action, "for that arose when the insolvency was declared and the receiver was appointed," and from that time the "statute

of limitations began to run." Shearer v. Christy, 136 Minn. 111, 114, 161 N. W. 498, 499. There our former cases are cited and discussed. Particular mention might well be directed to Willius v. Albrecht, 100 Minn. 436, 443, 111 N. W. 387, 388, 112 N. W. 862, where the court said: "The right to proceed against the stockholders accrued immediately upon the appointment of the receiver, and the statute of limitations commenced to run against the cause of action from that date." That opinion quotes with approval from Ganser v. Ganser, 83 Minn. 199, 201, 86 N. W. 18, 85 A. S. R. 461, as follows:

"It is elementary that the statute of limitations commences to run against a cause of action from the time it accrues and becomes due and payable, or, as otherwise expressed, *the cause of action* or suit *arises* according to the universal rule, in courts of both law and equity, *'when and as soon as the party has a right to apply to the proper tribunals for relief.'* " (Italics supplied.)

But plaintiff says that he could not sue until the order for assessment had been made, that being his only authority. That question was considered in the Christy case where the court said (136 Minn. 115, 161 N. W. 500): "From the time the insolvency is judicially declared by the appointment of a receiver, he, or any creditor of the corporation, is free to petition the court to make an assessment upon the stockholder's double liability." And, again (136 Minn. 116, 161 N. W. 500): "The stockholder has no way of speeding a determination of his liability. It is wholly with the receiver and creditors. It is not to be presumed that the courts will delay matters by refusing an assessment upon a fair showing of the necessity therefor."

In Sweet v. Richardson, 189 Minn. 489, 496, 250 N. W. 46, 49, where the court had for consideration L. 1931, c. 205, which limited the right of action upon stockholders' liability to two years, this court upheld the act against constitutional and other objections, including the two-year limitation, saying that the new law undoubtedly was enacted "for the commendable purpose of speed-

ing up the settlement of the liability hanging over many stockholders in insolvent corporations."

That the court was open and legally capable of functioning during the full two-year period cannot be doubted. The mere fact that there was delay caused to some extent at least by objecting stockholders did not deprive the court of jurisdiction to hear and determine the need for such assessment, since, as held in Miller v. Ahneman, 183 Minn. 12, 18, 235 N. W. 622, 624, the fact "that the stockholders, in their objections filed against the assessment, alleged that an action by certain stockholders against the directors of the corporation was pending and requested that the matter be deferred until that action was determined, did not prevent a prompt hearing of the application for an assessment."

Nor did the court's inaction in withholding decision over a period of six months suspend the running of the statute. At most, inactivity on its part could amount to no more than any other judicial error. If such inaction as we have here, whether by the receiver or the court, can suspend the running of any statute of limitations, there might in many cases be little left of such legislation. Rather, we should be "unwilling to add exceptions which the legislature has not seen fit to make." 34 Am. Jur., Limitation of Actions, § 186, and cases under note 19.

Judgment affirmed.

STONE and LORING, JUSTICES (dissenting).

In our opinion, commencement of the action within the time limited by statute was a condition precedent to recovery. The nonperformance of that condition by plaintiff was due to no neglect or other default of his. It was caused solely by the action of his adversaries and the court.

All previous delays aside, the holding for six months of the application for assessment and leave to sue and then giving the stockholders 60 days in which to pay before plaintiff could bring suit (which 60 days extended the time beyond the two-year

period), amounted, in our opinion, to restraint by "paramount authority."

For these reasons, we respectfully dissent.

MR. CHIEF JUSTICE GALLAGHER, being engaged on the pardon board, took no part in the consideration or decision of this case.