JAMES B. SWING v. RED RIVER LUMBER COMPANY.[1]

June 28, 1907.

Nos. 15,281—(203).

**Pleading—Complaint.**

In this, an action to recover upon an assessment of a policy holder of a mutual insurance company, it is *held* that the allegations of the complaint, which are stated in the opinion herein, are sufficient to constitute a cause of action.

Appeal by defendant from an order of the district court for Hennepin county, Simpson, J., overruling a demurrer to the complaint. Affirmed.

[1] Reported in 112 N. W. 393.

*Van Derlip & Lum,* for appellant.

*Tryon & Booth* and *Patterson A. Reece,* for respondent.

START, C. J.

This is an appeal from an order of the district court of the county of Hennepin overruling the demurrer of the defendant to the complaint in this action, which was brought to recover the amount of an assessment against the defendant for the payment of the liabilities of an insolvent mutual insurance company.

The allegations of the complaint are to the effect: That the Union Mutual Fire Insurance Company of Cincinnati, Ohio, hereinafter referred to as the company, a corporation of the state of Ohio, incorporated May 27, 1887, was on December 18, 1890, duly adjudged to be insolvent, and the plaintiff was appointed trustee of the creditors and policy holders of the company by the supreme court of the state of Ohio, which had full jurisdiction of the parties and the subject-matter involved. That during the years 1888, 1889, and 1890 the statutes of Ohio applicable to the company provided as follows:

> Every person who effects insurance in a mutual company, and continues to be insured, and his heirs, executors, administrators and assigns, shall thereby become members of the company during the period of insurance, shall be bound to pay for losses and such necessary expenses as accrue in and to the company in proportion to the original amount of his deposit note or contingent liability; and the directors shall, as often as they deem necessary, settle and determine the sum to be paid by the several members thereof, and publish the same in such manner as they may choose or as the bylaws prescribe, and the sum to be paid by each member shall always be in proportion to the original amount of such liability, and shall be paid to the officers of the company within thirty (30) days next after the publication of such notice.

> If a member neglect or refuse, for a space of thirty (30) days after the publication of such notice, and after demand for payment, to pay the sum assessed upon him in (as his) proportion of any losses aforesaid, the directors may sue for and recover the whole amount of contingent liability, with cost of suit.

> Such contingent liability shall not be less than three nor more than five annual cash premiums as written in the policy, but such liability shall cease with the expiration of the time for which a cash premium has been paid in advance, except for liability incurred during said time.

That the defendant received from the company and held five policies of insurance issued by it insuring the property of the defendant against loss by fire. That the policies were respectively of the number and amount, and in force for the periods, and for the agreed annual premium as follows: Policy No. 2,620, for $2,500, in force from June 14, 1889, to July 1, 1890; agreed annual premium, $75. Policy No. 2,945, for $2,500, in force from September 1, 1889, to September 1, 1890; agreed annual premium, $50. Policy No. 3,009, for $2,500, in force from September 1, 1889, to September 1, 1890; agreed annual premium, $50. Policy No. 4,906, for $2,500, in force from July 1, 1890, to December 19, 1890; agreed annual premium, $75. Policy No. 5,281, for $5,000, in force from September 1, 1890, to December 15, 1890; agreed annual premium, $100. That during the periods in which the defendant held such policies losses and liabilities were incurred by the company in the amounts set forth in the complaint, and the defendant's contingent liability for assessments to pay such losses was not less than three nor more than five annual cash premiums, as written in such policies, respectively, as provided by the statute. That the supreme court of Ohio on June 11, 1901, made its decree of assessment by which it was determined that it was necessary to make an assessment to pay the debts of the company on all persons liable therefor, and that the defendant's proper and necessary assessment on its policies held by it in the company was in the aggregate $919.03. Further, that the defendant on January 27, 1904, was duly notified to pay such assessment, but refused so to do.

It is quite obvious from these allegations of the complaint that it was the intention of the plaintiff to allege a cause of action against the defendant by virtue of the Ohio statute. It is equally clear that, if the complaint does not allege facts sufficient to show a statutory obligation of the defendant as a member of the company for the payment of its losses, the complaint fails to state a cause of action. The sole question,

then, is whether the complaint alleges such statutory liability. The answer to the question depends upon the construction to be given to the statutes of Ohio pleaded in the complaint. The contention of the defendant is to the effect that the statute of Ohio does not purport to impose the contingent liability in every case, but the statute is applicable only where such contingent liability is shown to exist by the terms of the policy contract, and that the statute does not and cannot create any liability on the part of the defendant, unless it gave a deposit note or assumed a contingent liability by the terms of its policy. The basic principle of a mutual insurance company is that each member thereof shall pay his just pro rata share of the losses incurred during the time he is such member. It is competent for the legislature to enact statutes for the regulation of such companies, their membership, and the payment of their losses; and members, by the acceptance of their policies, contract with reference to such statutory provisions, if any there are. The company in this case was incorporated in 1887, and the complaint alleges that the provisions of the Ohio statute therein set forth were in force and applicable to the company during the years of 1888, 1889, and 1890; but the defendant contends that the complaint fails to show that the company ever brought itself within the purview of such statutory provisions.

We cannot take judicial notice of the statutes of Ohio, and the questions raised by the demurrer must be determined by a consideration of the statute as set forth in the complaint. Such being the case, we are of the opinion that the allegations of the complaint show that such provisions of the statute apply to this company. If, as seems probable, from the provisions of the Ohio statute to which reference was made in Swing v. Humbird, 94 Minn. 1, 101 N. W. 938, there are other provisions of the statutes of Ohio, which will show that those alleged in the complaint are not applicable to this company unless it reorganized, they can be pleaded in the answer. Upon a consideration of the provisions of the statutes of Ohio as set forth in the complaint, in connection with the other allegations of the complaint, we are of the opinion, and so hold, that such provisions impose a contingent liability for losses of the company upon each member thereof of not less than three nor more than five annual premiums, as written in the policy, in all cases except those where a deposit note is given, and that the allegations

of the complaint are sufficient to constitute a cause of action upon a contingent liability imposed by the statute upon the members of the company. To prevent any misunderstanding as to the scope of our decision in this case, we deem it proper to state that our conclusion is based exclusively upon so much of the Ohio statute as the plaintiff has seen fit to plead in his complaint; that if in fact such statutory provisions set out in the complaint, by reason of other provisions not pleaded, have no application to this company, unless it elected to and did reorganize under the amended statute, the defendant has the right to allege, and prove, if denied, such omitted statutory provisions, and then the burden will be upon the plaintiff to show that the company did so reorganize; and, further, that the defendant may allege in its answer, and prove, any facts which will show that its relation to the company was not such as to subject it to liability for an assessment upon the supposed statutory contingent liability or otherwise, or any other defense personal to itself.

Order affirmed.