## JAMES B. SWING v. BARNARD-COPE MANUFACTURING COMPANY and Others.[1]

June 16, 1911.

Nos. 17,199, 17,200, 17,201, 17,202, 17,203, 17,204—(155, 156, 157, 158, 159, 160)..

**Limitation of action.**

Where a condition precedent to the right to sue on a cause of action is not a part of the cause of action but merely a part of or one step in the remedy, it does not delay the running of the statute of limitations.

**Judgment — assessments in mutual insurance company — notice to policy holders.**

A judgment of another court assessed policy holders in a mutual insur-

[1]Reported in 131 N. W. 855.

ance company, and provided that the receiver should bring suit to recover the assessments unpaid when thirty days after notice had expired. *Held*, that the provisions requiring notice and giving time thereafter for payment without suit were merely steps in the remedy and no part of the cause of action.

**Action barred by statute.**

It appearing conclusively from the complaints that these actions were commenced more than six years after the judgment in question was rendered, it appears conclusively that the actions are barred by the statute of limitations, and demurrers were properly sustained.

Six actions in the district court for Hennepin county by the trustee for the creditors of the Union Mutual Fire Insurance Company of Cincinnati to recover assessments due from policy holders in that company. From orders, Simpson, J., sustaining demurrers to the complaint, plaintiff appealed for the reasons following: (1) Said district court erred in sustaining the demurrer to plaintiff's complaint. (2) Said action of the district court is, in legal effect, violative of section 1, article 4 of the Federal constitution, in that it does not give full faith and credit to the judicial proceedings of the supreme court of Ohio, duly pleaded in the complaint filed in this cause. (3) Said action of the district court is in legal effect violative of section 1, fourteenth amendment of the Federal constitution, in that it is without any reasonable ground therefor, and deprives this plaintiff of property without due process of law. (4) Said action of the district court is, in legal effect, violative of section 1, fourteenth amendment of the Federal constitution, in that it denies to this plaintiff the equal protection of the laws, in that it is contrary to the decisions of the courts of Minnesota in similar cases. Affirmed in each case.

*Patterson A. Reece* and *C. A. Bucknam,* for appellant.
*Van Derlip & Lum,* for respondents.

BUNN, J.

In each of these cases a demurrer to the complaint was sustained by the trial court, and an appeal taken to this court. The complaints contained substantially the same allegations as did the complaint held to state a cause of action in Swing v. Red River Lumber Co., 101

Minn. 428, 112 N. W. 393.   The only difference between that case and these is that these were commenced after June 11, 1907, and therefore involve the question of the statute of limitations.   The complaints set forth the language of the decree made by the supreme court of Ohio on June 11, 1901.   In effect that decree levied assessments on the policy holders to pay the debts of the company under the provisions of the Ohio statute.   It was provided by the decree that as to all persons who paid their assessments without suit, the trustee should rebate to them one-third of their assessments, and that the trustee was empowered and ordered to sue for and collect the full assessments, "when thirty days have elapsed after due notice thereof has been given to the respective policy holders."   In each case defendant was notified of the assessment in 1904 or 1906.   The actions were commenced July 11, 1907, more than six years after the date of the decree.   Plaintiff contends that the statute of limitations did not begin to run until the expiration of at least thirty days after the date of the decree, and therefore that the actions were commenced in time.   Defendants claim that the causes of action accrued on the filing of the decree levying the assessments, June 11, 1901, and therefore that they are barred by the statute.

The decree made the liability of the policy holders absolute.   It gave a cause of action to the receiver against each policy holder for the amount of his assessment.   It provided the method of collecting these assessments.   Any policy holder who paid without suit obtained a rebate of one-third; but, if suit was commenced, the full assessment was to be collected.   The receiver was ordered to bring suits to recover the full amounts of the assessments against those who had not paid without suit when thirty days had elapsed after notice to the policy holder of the assessment.   Strictly speaking, the right to bring suit did not exist until thirty days after this notice.   But plaintiff admits, and it is clearly the law, that the receiver could not by postponing the notice, extend the time within which he might bring the action, and thus practically annul the statute of limitations. The claim is that the *thirty days after notice,* which the policy holders were given in which to pay without suit, operated to prevent the

statute from beginning to run until thirty days after the date of the decree making the assessment.    We do not concur in this view.

The time within which an action must be commenced begins to run when the cause of action accrues.    It does not necessarily follow that the right to sue on the cause of action arises immediately when the cause of action accrues.    It may be necessary to obtain leave of court, to make a demand, or to give a notice before suit can be brought on the cause of action; but where such a condition precedent is not a part of the right or cause of action, but merely a part of or one step in the remedy, it does not delay the running of the statute.    It is true that the cases in which the condition precedent has been held to be not a part of the cause of action, but merely a step in the remedy, have been cases where the condition was to be performed by the party having the cause of action; but the test is whether the performance of the condition is a part of the cause of action, or merely a part of or step in the remedy.    We think it cannot be held that the notice which the receiver was obliged to give before bringing suit for the entire assessment was any part of his cause of action.    That was complete when the judgment was rendered.    The notice and time allowed afterwards were merely steps in collecting the assessments, part of the remedy.    The object was to enable the receiver to make collections without suit, not to grant time to the assessed policy holders.

That the causes of action were barred by the statute of limitations appeared conclusively from the complaints, and the demurrers were well taken.    It was not necessary to specify the point of the statute of limitations in the demurrers.

We do not decide whether this court will take judicial notice of facts learned in previous cases decided by it.

The order in each case is affirmed.

SIMPSON, J., took no part.