# WILLIAM FIREHAMMER AND OTHERS v. INTERSTATE SECURITIES COMPANY.[1]

March 18, 1927.

No. 25,847.

**Statute for assessment of stockholders applies only to domestic corporations.**
1.   Chapter 272, L. 1899, providing for the better enforcement of the liability of stockholders of corporations, was expressly restricted to domestic corporations.   When it was carried into the revision of 1905, the few words restricting the scope of the law to Minnesota corporations were omitted.   There being nothing else to indicate it, the mere omission from the revision of the few restrictive words cannot be taken to show an intention to make the sweeping change necessary to bring foreign corporations within the scope of the statute.

**Liability of stockholders in foreign corporation enforced by creditors' bill.**
2.   Liability of stockholders in foreign corporations must be enforced in this state by a suit in the nature of a creditors' bill.

Corporations, 14 C. J. p. 1084 n. 4; 14a C. J. 1244 n. 57.
Statutes, 36 Cyc. p. 1168 n. 10, 11.

John P. Good, receiver of defendant in a sequestration proceeding, appealed from an order of the district court for Hennepin county, Montgomery, J., denying his petition for an assessment of the stockholders and dismissing the petition.   Affirmed.

*James E. Trask* and *Oscar Hallam,* for appellant.

*W. H. Leeman, Francis Cadwell, Cadwell & Frank, Loring & Anderson, Tifft & Youngdahl, A. M. Bayer, Monroe Zalkland, Bleecker & Babcock, Joseph J. Granbeck, James J. Gleeson, Hartson F. Woodard,* and *William H. Spohn,* for respondents.

STONE, J.

Appeal by the receiver in a sequestration proceeding from an order denying his petition for an assessment of the stockholders

[1]Reported in 212 N. W. 911.

upon a super-added liability claimed to have been imposed by charter.

The corporation is the Interstate Securities Company, organized under the laws of South Dakota to do business, it is said, exclusively in Minnesota. For the purpose of this decision, we assume that to be the fact and that by reason of peculiar charter provisions a super-added liability exists as against some of the stockholders, notwithstanding the statute of South Dakota. (Rev. Code 1919, § 8761), to the effect that there shall be no such liability other than for unpaid stock. We think that the petition was properly denied because our statutory proceeding for the assessment of stockholders applies only in the case of domestic corporations.

The statute in question is now found as G. S. 1923, §§ 8025-8031. It came into our law as chapter 272, p. 315, L. 1899. Up to that time the individual liability of stockholders was enforced under G. S. 1894, §§ 2600-2602, inclusive, which in Rule v. Omega S. & G. Co. 64 Minn. 326, 67 N. W. 60, were considered to refer to domestic corporations. The law of 1899 was a practice act entitled "An act to provide for the better enforcement of the liability of stockholders of corporations." Section 1 explicitly limited its operation to Minnesota corporations. The law remains unchanged in substance, but when it was taken into the revision of 1905 the few words expressly restricting the operation of the law to domestic corporations were omitted. Nothing was added to indicate an intention to subject stockholders in foreign corporations authorized to do business in this state to the operation of this statute.

1. If it had been the purpose of the revision commission of 1905 to recommend any such change, they certainly would have said so in submitting the proposed revision to the legislature. There is nothing explicit from them one way or the other but their silence on the subject bears but one import and that is that they intended no change. Had they purposed otherwise there would have been at least an appropriate explanatory note appended to the section whereby the change was sought to be introduced. Not a single section of the statute, as it appears in the report of the revision

commission, has appended to it even the word "NEW", which the commission habitually used to indicate the presence of new matter.

The meaning of the law being so clear, and its restriction to domestic corporations so well established before the revision, we cannot hold that the mere omission of the few expressly restrictive words indicated an intention to make the sweeping change necessary to include foreign corporations. It is "well settled" that changes made by a general code revision "will not be regarded as altering the law, unless it is clear that such was the intention." Manson v. Village of Chisholm, 142 Minn. 94, 170 N. W. 924. To repeat, if the revisers had intended the sweeping change now claimed to have been made, they would so have reported to the legislature. The same thought applies as well to the action of the legislature itself, for when such a distinct change is made, care is usually taken not to leave the purpose to mere inference. Ordinarily it is put beyond doubt. In any event, it is never left to implications which can be got at only by violating elementary canons of construction. We would have to do that here to conclude that stockholders in foreign corporations can be subjected to the local statute for the assessment of stockholders in Minnesota corporations.

2. The argument that, under the statute as it now stands, stockholders in a foreign corporation can be assessed upon their liability for bonus stock was denied in Dispatch Printing Co. v. Security Bond & Inv. Co. 154 Minn. 211, 191 N. W. 601. In that connection it was said that the "remedial provisions of sections 6630-6651, G. S. 1913, (G. S. 1923, §§ 8009-8031) are to be applied to the enforcement of rights against foreign corporations and stockholders therein insofar as is practicable." That reference is to a considerable body of statutory law. According to the expressed notion of the compiler of the General Statutes of 1913 it covers the whole subject of "Actions respecting corporations." The provisions for the enforcement of the liability of stockholders constitute but a minor part of it. Under other portions of the statute, sequestration proceedings involving foreign corporations doing business in this state, having property here and debts which remained unpaid

although reduced to judgment, have been maintained. G. S. 1923, § 8013. Such suits have been essentially creditors' bills to reach corporate assets in this state and collect for unpaid stock from stockholders accessible here. Dispatch Printing Co. v. Security Bond & Inv. Co. supra, was such a case. See also Goldman v. Christy, 155 Minn. 91, 192 N. W. 360. The subject matter of the latter case was again the liability of stockholders for unpaid or bonus stock. The reasoning of the decision is that if there be any kind of liability of stockholders in foreign corporations "but no method of enforcement provided, the law will always find a method." The result is that, so far as procedure is concerned, the liability of stockholders in a foreign corporation, whatever it may be, must be enforced in this state by a suit in equity in the nature of a creditors' bill. First Nat. Bank of Deadwood v. Gustin Minerva C. Min. Co. 42 Minn. 327, 44 N. W. 198, 6 L. R. A. 676, 18 Am. St. 510. If there has been a judicial determination of the liability in an appropriate proceeding in the state of the corporation's domicile, it is entitled to full faith and credit here within the rule of Converse v. Hamilton, 224 U. S. 243, 32 Sup. Ct. 415, 56 L. ed. 749, Ann. Cas. 1913D, 1292, and Selig v. Hamilton, 234 U. S. 652, 34 Sup. Ct. 926, 58 L. ed. 1518, Ann. Cas. 1917A, 104. Our statutory proceeding for assessing stockholders was not intended for those of foreign corporations. As originally enacted the law was expressly so limited and the legislature has never indicated an intention to change it in that respect.

Order affirmed.