## HELEN McKITRICK v. TRAVELERS EQUITABLE INSURANCE COMPANY.[1]

April 27, 1928.

No. 26,709.

**Action on accident insurance policy barred by statute of limitations incorporated in policy.**

When upon the face of the complaint it appears that the cause of action upon an accident insurance policy accrued more than two years prior to the issuing of the summons, it is barred by the statute of limitations, G. S. 1923, § 3417(14), incorporated in the policy; and a general demurrer on the ground that the complaint does not state facts constituting a cause of action is properly sustained.

Limitations of Actions, 37 C. J. p. 1205 n. 65.

Plaintiff appealed from a judgment of the district court for Hennepin county, Bardwell, J. entered upon an order sustaining a demurrer to the complaint. Affirmed.

*Charles B. Elliott, Harry S. Swensen* and *R. F. Spurck,* for appellant.

*LeSueur, Diepenbrock & Caswell,* for respondent.

HOLT, J.

The appeal is from the judgment entered upon an order sustaining a demurrer to the amended complaint.

The action is upon a health and accident insurance policy issued by the Bankers Casualty Company to plaintiff November 30, 1921, the obligations of which the defendant company subsequently assumed. The demurrer is on the ground that the complaint "does not state facts sufficient to constitute a cause of action." In substance the complaint alleges that, while the policy was in force on July 14, 1922, she accidentally cut her finger in opening a can, which resulted in blood poisoning and permanent partial ankylosis

[1]Reported in 219 N. W. 286.

of her left hip; that she was confined in a hospital for a period of six months and wholly incapacitated because of said accident for several months thereafter; that defendant was notified of the accident at once but failed to furnish forms for proof of loss, and thereby waived such proof; that falsely and fraudulently defendant tendered her $50, stating that that was all she was entitled to under the policy, whereas she was entitled to $50 per week for 24 weeks; and that plaintiff, relying upon the statement, accepted said sum to her damage in the sum of $1,150. We need not determine the question of the sufficiency of the allegations to show that plaintiff was induced by defendant's fraud to settle a $1,200 loss for $50, for we have reached the conclusion that the cause of action is barred, so that no amendment of the pleading would avail plaintiff.

Plaintiff urges that such a bar is a defense to be pleaded specially and cannot be raised by a general demurrer. This is not the rule where upon the face of the complaint it appears that the cause of action is barred. Thornton v. City of East Grand Forks, 106 Minn. 233, 118 N. W. 834; Swing v. Barnard-Cope Mfg. Co. 115 Minn. 47, 131 N. W. 855; Ferrier v. McCabe, 129 Minn. 342, 152 N. W. 734. The summons attached to the judgment roll is dated February 9, 1927; hence the action was begun not earlier than that date. The accidental injury was received July 14, 1922. The longest period for which indemnity could be claimed was for 24 months thereafter, under the express terms of the policy. Add to that 90 days within which proof of loss must be made, and if for good measure there be added 60 days after filing the proof, during which no action may be brought, we find that the action accrued not later than the middle of December, 1924. Hence, the two-year limitation for bringing suit prescribed by G. S. 1923, § 3417 (14), and embodied in the policy, operated as a bar prior to the commencement of this action.

But plaintiff argues that the complaint alleges that she is a minor. The application and policy are made part of the complaint, and in the application dated November 30, 1921, plaintiff stated she was 18 years on her last birthday. It must therefore be accepted as a

fact appearing from the complaint that on November 30, 1924, and before the cause of action accrued, as above figured, plaintiff was 21 years of age and no disability existed which under G. S. 1923, § 9202, suspended the running of the statute. Hence there is no need to determine whether a female ceases to be a minor for all purposes when she becomes 18 years of age within the definition of G. S. 1923, § 8706. We are of the opinion that plaintiff was not a minor, under either the common law or any statute, when the cause of action accrued and when the two-year limitation began to run, not later than the middle of December, 1924.

The judgment is affirmed.