FRANK H. JOHNSON v. L. O. JOHNSON.
SAME v. J. S. JOHNSON.[1]

June 14, 1935.

Nos. 30,363, 30,364.

*Cobb, Hoke, Benson, Krause & Faegre, Loring M. Staples,* and *Robert J. Christianson,* for appellant.

*Lee & Lee,* for respondents.

HOLT, JUSTICE.

From the orders sustaining demurrers to the complaints plaintiff appeals.

The complaints in the two actions are alike except as to the amount for which judgment is asked. It is alleged that plaintiff is the qualified and acting state examiner of the state of Montana and, as such, *ex officio* superintendent of banks and liquidating officer of insolvent banks of the state; that Farmers State Bank, Westby, Montana, was duly organized under the laws of that state

[1]Reported in 261 N. W. 450.

with a fully paid-up capital stock of 200 shares having a par value of $100 each; and that prior to June, 1931, said bank was engaged in the general banking business at Westby. The statute of Montana is pleaded, under which any bank may place its affairs and assets under the control and in the possession of the superintendent of banks by posting notice on the front door of the bank and notifying the superintendent; that on June 18, 1931, the bank at Westby voluntarily suspended, posted the notice, and notified the superintendent as provided by the statute pleaded; that the superintendent thereupon took possession of the assets and business of the bank.

The complaints also set forth the statute of Montana, Laws Montana, 1927, c. 89, § 21, which provides:

"The stockholders of every bank shall be severally and individually liable, equally and ratably, and not one for the other, for all contracts, debts, and engagements of such corporation, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares."

The pleaded statute also provides that as soon as the superintendent ascertains that the assets of a bank taken possession of for liquidation will be insufficient to pay its debts he may proceed to enforce the stockholders' liability, and for that purpose may institute and maintain suits in any state or federal court of competent jurisdiction. The complaints further state that the superintendent ascertained that the assets of said bank were insufficient to pay its debts and that the superintendent has ascertained and determined that it is necessary to collect and enforce the full statutory liability against the stockholders of the bank; that defendant L. O. Johnson was the owner and holder of 29 shares of the capital stock of said bank when it suspended and hence there became due from him to plaintiff $2,900, no part of which has been paid except $500 on July 14, 1932, and $100 on September 22, 1932; that notice of the assessment and demand of payment of his stockholder's liability was made upon defendant on or about July 13, 1931. In the case against J. S. Johnson the difference is that he owned 30 shares of stock and paid the same amounts on the identical dates that L. O. Johnson did.

The defendants demurred to the complaint "on the grounds that the same does not state facts sufficient to constitute a cause of action." Neither the demurrer nor the order sustaining the same indicates that a statute of limitation is invoked or applied; but from the briefs it appears that the bar of the statute is the sole question on this appeal. It may be doubted whether the bar of the statute can be raised by demurrer where, as in this instance, the complaints show part payment of the demand within the shortest limitation statute that defendants may invoke. But that question need not be decided. We, however, consider it definitely settled that a demurrer will lie when the complaint clearly discloses that the statute of limitation has run before the action was brought. McKitrick v. Travelers Equitable Ins. Co. 174 Minn. 354, 219 N. W. 286.

In actions to enforce the liability of stockholders of foreign insolvent corporations the statute of limitation of the forum is to be applied. This both parties concede. Plaintiff insists that this case, being a contract liability created by statute, comes under 2 Mason Minn. St. 1927, § 9191, where the limitation is six years. We have so held. Miller v. Ahneman, 183 Minn. 12, 235 N. W. 622, and cases therein cited. Defendants rely on this proviso added to § 8028 of the code by L. 1931, c. 205, reading:

"Provided that no action shall be commenced to collect the amount of any such assessment, unless commenced within two years after the insolvency of the corporation, and the appointment of a receiver or assignee, or in the event that the insolvency of such corporation, and the appointment of such receiver or assignee occurred more than eighteen months prior to the passage of this act then within six months after the passage of this act."

It is the contention of plaintiff that § 8028 relates solely to domestic corporations. We think the contention is correct. The section had its origin in L. 1899, c. 272, the substance, being found in § 6 thereof. The legislature could not have intended to provide for the better enforcement of the liability of stockholders of foreign corporations. The proposition that § 8028 is restricted to actions

to enforce the liability of stockholders in domestic corporations was determined in Firehammer v. Interstate Securities Co. 170 Minn. 475, 212 N. W. 911. With this clear and definite decision that § 8028 is limited to domestic corporations, the proviso added thereto four years later by L. 1931, c. 205, must also be so limited. In Sweet v. Richardson, 189 Minn. 489, 250 N. W. 46, where the added proviso was sustained when attacked as unconstitutional, it was held that the amendment was restricted to the subject matter involved in § 8028 and did not modify or repeal the general limitation statutes, §§ 9191-9193. L. 1899, c. 272 (2 Mason Minn. St. 1927, §§ 8025-8031), was confined to better enforce the liability of stockholders of corporations organized under the laws of this state—the liability imposed by our constitution and laws, and not the liability of stockholders of foreign corporations. Bernheimer v. Converse, 206 U. S. 516, 27 S. Ct. 755, 51 L. ed. 1163.

This action to enforce liability of the stockholders of a foreign corporation is in the nature of a creditors' bill and not a proceeding under our insolvency laws. It is true that in Dispatch Printing Co. v. Security B. & I. Co. 154 Minn. 211, 191 N. W. 601, it was said that the remedial provisions of G. S. 1913, §§ 6630-6651, (2 Mason Minn. St. 1927, §§ 8009-8031), are to be applied to the enforcement of rights against foreign corporations and stockholders therein as far as applicable; but it is to be noted that the sections referred to comprise other enactments than those that came from L. 1899, c. 272. Defendants argue that § 8009 permits a foreign corporation to prosecute a suit in the courts of this state the same as a domestic corporation, and hence all the sections referred to, including § 8028, cover foreign as well as domestic corporations. This is not an action instituted by a foreign corporation to enforce liability of its stockholders; but a suit by a receiver of a foreign corporation as representative of its creditors to enforce the statutory liability of a stockholder. Moreover, we must regard Firehammer v. Interstate Securities Co. 170 Minn. 475, 212 N. W. 911, decisive of the question that the special limitation statute covers only stockholders in domestic corporations.

Concluding as we do that the six-year general statute of limitations applied to stockholders- of foreign corporations, we do not reach the question of part payment tolling such a statute.

The orders are reversed.